JOHN BOYD, Respondent, *v.* FREDERICK KLINGMAN et al., Appellants.

APPEAL from a judgment of the Municipal Court of the city of New York, tenth district, borough of Manhattan.

P. Hellinger, for appellants.

J. S. Strahl, for respondent.

*Per Curiam.* It was part of the contract entered into between the plaintiff and the defendants, that the plaintiff would furnish and set including all connections an electric pump complete as specified, for two hundred dollars ($200), in addition to the contract price of forty-two hundred dollars ($4,200) for other work that the plaintiff was to do for the defendants.

The evidence conclusively shows that the plaintiff failed to perform this portion of his contract and that the defendants were damaged by this failure to at least the extent of seventy-five dollars, but they were allowed nothing by the justice before whom the case was tried. This was error. The judgment is reversed, and a new trial ordered, with costs to the appellants to abide the event.

Present: TRUAX, P. J., SCOTT and DUGRO, JJ.

Judgment reversed and new trial ordered, with costs to appellants to abide event.

---

JAMES J. NEALIS, as Receiver, etc., Landlord, Appellant, *v.* BERNARD INSLEY et al., Tenants, Respondents.

APPEAL from a judgment of the Municipal Court of the city of New York, second district, borough of Manhattan, in favor of the defendants.

F. J. Kuerzi, for appellant.

J. J. Vanse, for respondents.

*Per Curiam.* All that the receiver took by his appointment was the right, title, and interest, that the persons for whom he was appointed receiver had in the property at the time the appointment was made.

The justice before whom the case was tried has found that the lease of the defendants to the respondents, Insler and Lepovetech, was made before the appellant was appointed receiver, and there is no evidence to sustain that finding. It is immaterial whether they had or had not actually taken possession of the premises.

It is claimed by the appellant that this matter has in effect been decided by a justice of this court, in a proceeding that was taken to punish the respondents for contempt of court in interfering with the possession of the appellant who is an officer of this court.

We cannot find any such decision. It is true that on one of the exhibits appears a memorandum in the handwriting of the late Mr. Justice Smyth, but that is not sufficient judgment or order of this court, and does not have the effect of either a judgment or order.

The final order is affirmed, with costs.

Present: TRUAX, P. J., SCOTT and DUGRO, JJ.

Order affirmed, with costs.